IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | | |
|---|---|---|
| BLACK FARMERS & AGRICULTURALISTS ASSOCIATION, INC. 287 MADISON AVENUE MEMPHIS, TN 38103 | : : : : : : | CASE NO. |
| AND | : : | JUDGE MAGISTRATE JUDGE |
| THOMAS BURRELL 436 HIGHWAY 70 WEST MASON, TN 38049 | : : : : | |
| PLAINTIFFS, VS | : : : | |
| THE HONORABLE THOMAS J. VILSACK SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE 1400 INDEPENDENCE AVENUE, S.W. WASHINGTON, D.C. 20250 | : : : : : : : : | |
| AND | : : | |
| THE HONORABLE ZACH DUCHENEAUX, ADMINISTRATOR OF THE UNITED STATES DEPARTMENT OF AGRICULTURE FARM SERVICE AGENCY 1400 INDEPENDENCE AVENUE, S.W. WASHINGTON, D.C. 20250 | : : : : : : : : | |
| DEFENDANTS. | : : | |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION**

In accordance with the provisions of Fed. R. Civ. P. 65(B) and LR 65.1, Plaintiffs, Black

Farmers and Agriculturalists Association, Inc. (hereinafter "BFAA"), and Thomas Burrell,

1

respectfully move this Honorable Court on the Complaint and Declaration of Thomas Burrell, for an order that temporarily restrains Defendants from enforcing the October 31, 2023 deadline for submission of application for relief under §220007 of the Inflation Reduction Act, P.L. 117-169, 136 Stat. 1818.

    Attached to this memorandum in is a proposed Order, Notice and Bond.

/s/ Percy Squire_____
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs

## MEMORANDUM

### I.     INTRODUCTION

Plaintiffs, the Black Farmers and Agriculturalists Association, Inc. (hereinafter "BFAA") and Thomas Burrell respectfully seek judicial review of final agency action by the United States Department of Agriculture in connection with implementation of Section 22007 of the Inflation Reduction Act (hereinafter "IRA") Pub. L. 117-169 136 Stat. 1818.  The IRA was signed into law by President Biden on August 16, 2022.  The IRA provides $2.2 Billion dollars in financial assistance to farmers, ranchers and forest landowners who prior to January 1, 2021 experienced discrimination in a USDA farm lending program. Following enactment of the IRA, it undertook measures to implement Section 22007.  In that connection, USDA announced on July 7, 2023, that USDA had established a Discrimination Financial Assistance Program, (hereinafter "DFAP") Under DFAP persons discriminated against in a USDA loan program prior to January 2021 are required to submit applications for financial assistance by October 31, 2023.  Plaintiffs seek an order here suspending the October 31, 2023 deadline as arbitrary and capricious, violative of separation of powers and Due Process for the reason BFAA members with legacy applications, those being submitted on behalf of deceased farmers whose heirs must obtain probate court or other judicial authority in order to apply, the complexity of the USDA application and no authority within §22007 from Congress for he short application window, render it appropriate to suspend the October 31, 2023 deadline.

### II.     TEMPORARY RESTRAINING ORDER

The Supreme Court has "long held that federal courts may in some circumstances grant injunctive relief against" state and federal officials "who are violating, or planning to violate, federal law." Armstrong v. Exceptional Child Ctr., Inc., 575 U.S. 320, 326-27 (2015) (citing Osborn v. Bank of United States, 9 Wheat. 738, 838-39 (1824); Ex parte Young, 209 U.S. 123, 150-51 (1908); Am. Sch. of Magnetic Healing v. McAnnulty, 187 U.S. 94, 110 (1902)). This power to enjoin unlawful "actions by state and federal officers is the creation of courts of equity, and reflects a long history of judicial review of illegal executive action, tracing back to England." Id. At 327. While Congress may prohibit courts from awarding such equitable relief, id. at 327-28, Congress need not confer the power to award such relief in order for courts to exercise that power: the power is an inherent aspect of the courts' equitable authority, see, e.g., Am. School of Magnetic Healing, 187 U.S. at 110; see also Barry v. Lyon, No. 13-cv-13185, 2015 U.S. Dist. LEXIS 174347, at *5 (E.D. Mich. June 5, 2015); In re Trump, 928 F.3d 360, 373 (4th Cir. 2019); Int'l Refugee Assistance Project v. Trump, 883 F.3d 233, 287 (4th Cir. 2018) (en banc) (Gregory, J., concurring); Sierra Club v. Trump, 929 F.3d 670, 694 (9th Cir. 2019); CNSP, Inc. v. City of Santa Fe, 755 F. App'x 845, 849 (10th Cir. 2019). Relief from irreparable harm may be obtained via a temporary restraining order.

Courts must balance "four factors ... when considering a motion for a temporary restraining order: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." City of Pontiac Retired Emples. Ass'n v. Schimmel, 751 F.3d 427, 430 (6th Cir. 2014) (internal quotation marks omitted). The standard for a permanent injunction is identical, except that the movant must show "actual success on the merits" instead of

a likelihood of success on the merits. Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 546 n.12 (1987). Here , due to the approach of multiple election deadlines and the mechanics of the ballot preparation process , an immediate order is required to prevent irreparable harm to Mr. Burrell.

The purpose of a temporary restraining order is "to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." United States v. Alabama, 791 F.2d 1450, 1459 (11th Cir. 1986) (affirming preliminary injunction). An injury is considered to be irreparable "if it cannot be undone through monetary remedies." Scott v. Roberts, 612 F.3d 1279, 1295 (11th Cir. 2010); Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987); see also Charles H. Wesley Educ. Found., Inc. v. Cox, 32*, Supp. 2d 1358, 1368 (N.D. Ga. 2004) (Cox I), aff'd, 408 F.3d 1349 (11th Cir. 2005) (Cox II) ("no monetary award can remedy the fact that [plaintiff] will not be permitted to vote in the precinct of her new residence."); see also United States v. Georgia, 892 F. Supp. 2d 1367, 1377 (N.D. Ga. 2012) (entering a preliminary injunction where "the potential deprivation of the ability to vote, the most basic of American citizens' rights, outweigh[ed] the cost and inconvenience" that the state might suffer, which were comparatively minor).

Plaintiffs seek an order here suspending the October 31, 2023 as arbitrary and capricious, violative of separation of powers and federal Due Process, due to the inability of BFAA members with legacy applications those being submitted on behalf of deceased farmers whose heirs must obtain probate court or other judicial authority in order to apply and the complexity of the USDA application process. In past instances where USDA has provided financial assistance to farmers discriminated against by USDA, discrimination claimants were required to submit a mere three page application for relief, and the application window was open for at lease six months and in certain instances fourteen. Here the application window is 116 days. See, Complaint Exhibits B,

B, C and D for BFAA members previous legacy applications for assistance. Under §22007 as implemented by USDA, the application is 40 pages in length and the application only permitting 116 days. There is no justification for this shortened application window is unjustified as Congress has stated in §22007 that funds are available until September 30, 2023.

A.   **SEPARATION OF POWERS**

Section 22007 centralizes vast power in the hands of USDA, without the ordinary protections of due process, to decide the fate of farmers who have been victimized by discrimination.

No principle is more central to the design of the Constitution than the separation of powers. See, Dayton Area Chamber of Commerce, et al. v. Xavier Becerra, S.D. Ohio Case No. 3:23-cv-00156. See, Dayton Area Chamber of Commerce et al. v. Xavier Becerra, S.D. Ohio Case No. 3:23-cv-00156.

Article I of the Constitution vests legislative Powers" in the "Congress of the United States." U.S. Const. art. 1, § 1 . Article II vests the executive power -the power to implement the laws in the President. Article III vests the judicial power the power to interpret the laws in the courts. [1]

To protect that fundamental separation of powers, the Supreme Court has long distinguished between certain "important subjects, which must be entirely regulated by the legislature itself" and "those of less interest," as to which Congress may afford the executive branch discretion "to fill up the details." Wayman v Southard, 23 U.S. (10 Wheat.) 1, 42-43 (1825). Id.

The Supreme Court has accordingly invalidated statutes that confer "virtually unfettered" discretion on the executive branch to control broad swaths of the private economy. A.L.A.

---

[1] Any power exercised by USDA must come from the President or be specifically authorized by Congress.

Schechter Poultry Corp. v. United States, 295 U.S. 495,542 (1935) (invalidating delegation to create code of industrial conduct that fosters "fair competition"); see also Panama Relining Co. Ryan, 293 U.S. 388 (1935) (invalidating delegation to ban petroleum shipments in excess of state production quotas).

In Schechter Poultry, the Court emphasized the lack of "judicial review to give assurance that the action of the commission is taken within its statutory authority" and the absence of "appropriate administrative procedure" to ensure due process. 295 U.S. at 533, 541 . In Panama Refining, the Court highlighted the failure to constrain the executive branch with any "standard or rule" of decision. 293 U.S. at 418. Id.

Under the Supreme Court's modern precedents, a statutory delegation is invalid if it fails to constrain the agency with an "'intelligible principle.'" Gundy v. United States, 139 S. Ct. 21 16, 2129 (2019) (plurality op.) (quoting J.W. Hampton, Jr, & Co. v. United States, 276 U.S. 394, 409 (1928)). This "intelligible principle" must at least be "sufficiently definite and precise to enable Congress, the courts and the public to ascertain whether the [agency] . . . has conformed" to Congress's direction. Yakus v. United States, 321 U.S. 414, 426 (1944).

Courts have also consistently recognized that "judicial review is a factor weighing in favor of upholding a statute against a nondelegation challenge." United Stales v. Garfinkel, 29 F.3d 451, 458-59 (8th Cir. 1994) (quoting United States v. Bozarov, 974 F.2d 1037, 1042 (9th Cir. 1992)) (collecting cases). Similarly, "compliance with . . . requirements for notice and comment" enhances public accountability and thereby functions as a check on agency discretion. Id.; cf: Panama Ref Co., 293 U.S. at 415 (noting the importance of written findings).

7

There is no justification for USDA being permitted to arrogate until itself the powers to set a firm no extensions deadline policy, when under §22007 Congress has given USDA until September 30, 2031 to expend the funds appropriated for financial assistance.

The October 31, 2023 deadline violates separation of pwers because it gives USDA total authority to set an arbitrary deadline. Accordingly, Plaintiffs are likely to succeed on the merits.

**B.    DUE PROCESS**

The United States Supreme Court has stated:

> The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss," Joint Anti-Fascist Refugee Committee v. McGrath, 341 U. S. 123, 341 U. S. 168 (1951) (Frankfurter, J., concurring), and depends upon whether the recipient's interest in avoiding that loss outweighs the governmental interest in summary adjudication. Accordingly, as we said in Cafeteria & Restaurant Workers Union v. McElroy, 367 U. S. 886, 367 U. S. 895 (1961), "consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved, as well as…

See, Goldberg v. Kelly, 397 U.S. 254 (1970).

The Fifth Amendment's Due Process Clause prohibits the government from depriving a person of property without adhering to constitutionally sufficient procedures. See, Ky. Dept. of Corr. V. Thompson, 490 U.S. 454, 460 (1989), notice and an opportunity to be heard.

The Due Process Clause requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965); see also, Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Due process requires procedural protections to prevent, to the extent possible, an erroneous deprivation of property. See, Gilbert v. Homar, 520 U.S. 924, 930-32 (1997).

Section 22007, as implemented by USDA, gives affected farmers no opportunity to be heard concerning reasons an application can not be submitted by October 31, 2023.

8

BFAA member legacy claims requires BFAA members to complete within the 116 day window a complex forty page application. In cases where the aggrieved farmer has died, USDA has stated heirs of these applicants must have written authority to pursue the decedent's claims. There is no authority in §22007 for such a draconian administrative deadline.

The DFAP deadline is unconstitutional under the Fifth Amendment and must be enjoined.

### 1. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS

Section 22007 does not authorize Defendants to establish an expedited no exception application deadline. (***** THERS ISN'T A NEXT PAGE***)

### 2. IRREPARABLE INJURY

If the deadline is not extended, Plaintiffs will suffer irreparable harm for the reason, notwithstanding whether discrimination occurred, Plaintiffs will be permanently time barred from obtaining relief.

### 3. THE BALANCE OF THE EQUITIES WEIGHTS IN FAVOR OF PLAINTIFFS

The irreparable injury that Plaintiffs will suffer absent an injunction outweighs any harm Defendant will suffer if the requested injunction is granted. Plaintiffs will suffer irreparable injury to their fundamental right to be free from unlawful discrimination. By contrast, any potential harm Defendants would face under the requested injunction would be substantially less, particularly in light of the schedule this Court's ability to set an expedited schedule deadline.

"If the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary alter the situation so as to prevent the injury, either by returning to the last uncontested status quo between the parties, by the issuance of a mandatory injunction, or by allowing the parties to take proposed action that the court finds will minimize the irreparable injury." Fayette County, 118 F. Supp. 3d at 1349 (quoting Canal Auth. of Fla. v. Callaway, 489 F.2d 567, 576 (5th Cir.

1974)). Here once October 31, 2023 arrives unless an application has been filed, applicants with meritorious claims will be forever time-barred..

### 4. PUBLIC INTEREST

The public interests favors limiting USDA to the authority given by Congress. The public interest also favors providing relief to individlas who have been harmed by governmental action, such as denying financial relief by USDA/

### III. CONCLUSION

For the above reasons an immediate TRO is respectfully requested.

/s/ Percy Squire_____
Percy Squire (0022010)
Percy Squire Co., LLC
341 S. Third Street, Suite 10
Columbus, Ohio 43215
(614) 224-6528, Telephone
(614) 224-6529, Facsimile
psquire@sp-lawfirm.com
Attorney for Plaintiffs