IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| BLACK FARMERS & AGRICULTURALISTS ASSOCIATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS J. VILSACK, SECRETARY OF THE UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | No. 2:23-cv-2527-SHL-cgc |

**ORDER DENYING COREY LEA'S MOTION TO INTERVENE**

Plaintiffs Black Farmers & Agriculturalists Association, Inc.; Thomas Burrell; Mary Ferguson; Claudette Jackson; and Mauzie J. Furlow (collectively "Plaintiffs"), brought this consolidated class action against Defendants Thomas J. Vilsack and Zach Ducheneaux (collectively "Defendants"). (ECF No. 41.) In their amended complaint, Plaintiffs seek judicial review of a final agency action by the United States Department of Agriculture ("USDA") in connection with the implementation of Section 22007 of the Inflation Reduction Act ("IRA"). (Id. at PageID 329.)

Corey Lea, a Black rancher who resides in Murfreesboro, Tennessee, filed a pro se Motion to Intervene on October 23, 2023. (ECF No. 50.) Before the Court are Lea's Motion to Intervene (ECF No. 50), Defendants' Response (ECF No. 56), Plaintiffs' Response (ECF No. 60), and Lea's Reply (ECF No. 58). For the following reasons, the Court **DENIES** Lea's Motion to Intervene.

## BACKGROUND

The IRA made available $2.2 billion in financial assistance to farmers, ranchers, and forest landowners who experienced discrimination by a USDA farm-lending program before January 1, 2021. (ECF No. 41 at PageID 329.) The USDA announced on July 7, 2023, that it had established a Discrimination Financial Assistance Program ("DFAP"). (Id.) Under DFAP, people discriminated against in a USDA loan program before January 2021 were initially required to submit applications for financial assistance by October 31, 2023. (Id.) On September 23, 2023, USDA extended the deadline until January 13, 2023. Plaintiffs seek a preliminary injunction suspending the January 13 application deadline, arguing that the deadline is "arbitrary and capricious, violative of separation of powers, and Due Process." (Id.)

On October 23, 2023, Lea filed his Motion to Intervene, asserting that he is "a victim of the continued discrimination by the Defendants that has led to ongoing Constitutional injuries by an admitted pattern and practice of the Defendants." (ECF No. 50 at PageID 370.) As is explained below, parties seeking to intervene have two means of doing so: intervention of right and permissive intervention. Lea's motion appears to exclusively seek intervention of right, however the Court will also consider whether he is entitled to permissive intervention.

## ANALYSIS

### I. Timeliness of the Motion to Intervene

Timeliness is a threshold question for both motions seeking intervention of right or permissive intervention. Stupak-Thrall v. Glickman, 226 F.3d 467, 472 (6th Cir. 2000) (citing NAACP v. New York, 413 U.S. 345, 365–66 (1973)). There are five factors to consider when analyzing the timeliness of a motion to intervene:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Id. at 473. "No one factor is dispositive, but rather 'the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" Blount-Hill v Zelman, 636 F.3d 278, 284 (6th Cir. 2011) (quoting Glickman, 226 F.3d at 472–73). The question of whether a motion to intervene is timely is "within the sound discretion of the trial court." Bradly v. Milliken, 828 F.2d 1186, 1191 (6th Cir. 1987) (citing NAACP, 413 U.S. at 365–66). As demonstrated below, consideration of these factors demonstrates that this Motion is timely.

    A.    Stage of the Proceeding

When considering the first factor, the stage of the proceeding, courts examine the substantive progress that has occurred in litigation, rather than the timing of the motion to intervene. United States v. Tennessee, 260 F.3d 587, 592 (6th Cir. 2001). "If the litigation has 'made extensive progress in the district court' . . . then this factor weighs against intervention." Id. (quoting Glickman, 226 F.3d at 475). Lea asserts that this factor weighs in favor of a finding of timeliness because the parties have not begun discovery and no dispositive motions have been resolved. (ECF No. 50.) Defendants disagree, arguing that the case has progressed substantially because "[t]he parties briefed a motion for preliminary injunction; Plaintiffs filed an Amended Complaint; the parties proposed a consolidated briefing schedule on their respective motions for preliminary relief and dismissal; and the Court, after holding a scheduling conference, entered a modified version of that schedule." (ECF No. 56 at PageID 510.)

3

Although this case is operating on a compressed schedule, Lea is correct that the parties have not made enough substantive progress to weigh against a finding of timeliness.

B.     The Purpose of Intervention

The second timeliness factor is the purpose for which intervention is sought.  Lea's stated purpose is to "seek[] a declaratory judgment and preliminary that will protect his interests as a Black rancher on the continued discrimination employed against Black farmers and ranchers by the Defendants."  (ECF No. 50 at PageID 373.)  Defendants assert that it is not clear from Lea's motion how his intervention will help to achieve this purpose.  (ECF No. 56 at PageID 510.)  In his reply, Lea states that he is in a similar position to the Plaintiffs in this action, but that the "relief requested by Plaintiffs did not reach far enough."  (ECF No. 58 at PageID 523.)  He appears to argue that the mere existence of federal agencies, including the USDA, is unconstitutional.  (Id.)

"[The Sixth Circuit] has been somewhat inconsistent in its approach to this [factor], at times focusing on whether 'the movants have asserted a legitimate purpose for intervention,' Linton ex rel. Arnold v. Comm'r of Health & Env't, 973 F.2d 1311, 1318 (6th Cir. 1992), and at other times asking whether the motion to intervene was timely in light of the stated purpose for intervening, see Clarke v. Baptist Mem'l Healthcare Corp., 641 F. App'x 520, 527 (6th Cir. 2016)[.]" Kirsch v. Dean, 733 F. App'x 268, 275 (6th Cir. 2018).  The second approach is appropriate here, as the merits of Lea's purpose for intervention are addressed below.

Here, it appears that Lea's purpose for intervention is to participate as a class representative and to expand the scope of relief sought by Plaintiffs.  Because the case is still in its early stages, the Court finds this factor supports a finding of timeliness.

      C.      Possibility of Intervening Sooner

When considering the third factor, the possibility of intervening sooner, a court must look at the date that a party knew, or reasonably should have known, that their interest would be affected. Eastern Shawnee Tribe of Okla. v. Ohio, No. 3:05CV7267, 2006 WL 2711563, at *2 (N.D. Ohio, Sept. 19, 2006). Although Lea does not state when he became aware that his interests were affected by the case, he points out that, at the time he filed his Motion to Intervene, the case was less than sixty days old. (ECF No. 50 at PageID 374.) Based on the short timeframe Lea had to realize his interests were affected, this factor also weighs in favor of timeliness.

      D.      Prejudice to Original Parties

The fourth factor is the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case. Defendants argue that allowing Mr. Lea to intervene would prejudice the parties because it "would unduly complicate the issues in this case . . . [requiring] the parties and the Court to enter a new schedule for briefing the parties' motions alongside the new issues that Mr. Lea seeks to inject into this case." (ECF No. 56 at PageID 510.) Lea states that the Parties "will not be prejudiced because the court has not ruled on the class certification." (ECF No. 50 at PageID 375.)

Although Lea's possible intervention may complicate the case, that alone is not enough to find the fourth factor weighs against timeliness. Because Lea promptly filed his Motion to Intervene, this factor also supports a finding of timeliness.

5

E.  Unusual Circumstances

In the section of his brief devoted to the fifth factor, unusual circumstances militating in favor or against intervention, Lea states:

> The Defendants continue to circumvent protections afforded to Black farmers and ranchers by Congress.  A Declaration by this Court in favor of the Plaintiffs and potential class certification would put to rest the weapons employed by the Defendants to discriminate against Black farmers and ranchers.  More importantly, it will provide equal protection of the laws to aggrieved farmers.

(ECF No. 50 at PageID 376.)  Although these do not represent the sort of unusual circumstances that would support Lea's Motion to Intervene, given that this statement appears to reflect Plaintiffs' position, considering the other four factors, the motion is timely.

## II.  Intervention of Right

Under Federal Rule of Civil Procedure 24(a)(2), a court must permit a party to intervene if that party "claims an interest relating . . . to the transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ."  Id.  This rule requires proposed intervenors to show that: (1) their motion for intervention was timely filed, (2) they possess a substantial legal interest in the case, (3) their ability to protect their interests will be impaired without intervention and (4) the existing parties will not adequately represent their interests.  Reliastar Life Ins. Co. v. MKP Inv., 565 F. App'x 369, 371 (6th Cir. 2014) (internal quotations omitted).  "The failure to meet one of the criteria will require that the motion to intervene be denied."  Grubbs v. Norris, 870 F. 2d 343, 345 (6th Cir. 1989).

Given that the motion is timely, the Court turns to the remaining factors.

6

A.      Substantial Legal Interest

What constitutes a substantial legal interest is a "rather expansive notion." Reliastar, 565 F. App'x at 371–72. However, this notion is not without limits. Id. A proposed intervenor must show that it has a "direct and substantial legal interest in the litigation," Grubbs, 870 F.2d at 346, such that it is a "real party in interest in the transaction which is the subject of the proceeding." Providence Baptist Church v. Hillandale Comm., Ltd., 425 F.3d 309, 317 (6th Cir. 2005). "[T]he possibility of adverse stare decisis effects provides intervenors with sufficient interest to join an action." Jansen v. City of Cincinnati, 904 F.2d 336, 342 (6th Cir. 1990) (citations omitted).

The section of Lea's brief titled "Substantial Legal Interest" cites to a variety of cases and a statutory provision concerning subrogation rights that appear to be unconnected to this case. (ECF No. 50 at PageID 377.) Beyond that, it appears that Lea is attempting to expand Plaintiffs' case, which exclusively challenges the deadline to apply for DFAP. Lea seeks to challenge "[t]he question of the constitutionality of a hub system of nonfederal entities making decisions on behalf of the federal government." (ECF No. 58.) The constitutionality of the administrative state is not the subject of this case, and attempting to inject it into this action does not constitute a substantial legal interest.[1] The only cognizable interest that Lea has in this case is as a potential

---

[1] Lea attaches to his Motion a document titled "Constitutional and Federal Questions Presented for Declaratory Relief," which sets forth these arguments. (ECF No. 50-1.) This proposed pleading appears to be identical to a complaint in another pending lawsuit. See Compl., Lea v. Sec'y of Ag., No. 3:23-cv-340 (M.D. Tenn. Apr. 13, 2023), ECF No. 1. "When actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" Baatz v. Columbia Gas Transmission, LLC, 814 F.3d 785 (6th Cir. 2016) (quoting Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp., 511 F.3d 535, 551 (6th Cir. 2007)). This approach conserves judicial resources by minimizing duplicative or piecemeal litigation, and protects the parties and the courts from the possibility of conflicting results. Id. (citing EEOC v. Univ. of Pa., 850 F.2d 969, 977 (3d Cir.1988); W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728–29 (5th Cir. 1985). To the extent Lea seeks to incorporate this filing into the Amended Complaint in this case, that request is **DENIED**.

class member, which brings the Court to the third element.

      B.      Ability to Protect Interest Absent Intervention

To satisfy Rule 24(a)'s third element, the would-be intervenor's "burden is minimal" in that it need only show "that impairment of its substantial legal interest is possible if intervention is denied." RPM Freight Sys., LLC v. Wesco Ins. Co., No. 21-11882, 2022 WL 1102707, at *2 (E.D. Mich. Apr. 13, 2022). Here, Lea's only legal interest is as a potential class member. Accepting that interest as "substantial," as Plaintiffs point out, "in the event class certification is granted, the benefit of any order issued by this Honorable Court will also accrue to Mr. Lea." (ECF No. 60.) Thus, denying Lea's Motion to Intervene poses no risk to his legal interest as a potential class member. Because Lea has likely not met the second element, and has certainly not satisfied the third under Rule 24(a), the fourth element need not be evaluated and his motion for intervention of right is **DENIED**. Grubbs, 870 F. 2d at 345.

## III.  Permissive Intervention

"On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "A district Court operates within a zone of discretion when deciding whether to allow [permissive] intervention." Buck v. Gordon, 959 F.3d 219, 224 (6th Cir. 2020) (citations omitted). If the motion satisfies Rule 24(b)(1)(B), the court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and balance these factors with any other relevant factors. Fed. R. Civ. P. 24(b)(3); U.S. v. Michigan, 424 F.3d 438, 445 (6th Cir. 2005).

As stated above, the majority of Lea's pleadings assert claims that reach beyond the scope of the current case, sharing few common questions of law or fact. Additionally, Lea's

intervention would "unduly delay or prejudice the adjudication of the original parties' rights" by allowing unrelated constitutional and statutory claims in a relatively narrow case. Id. Therefore, permissive intervention is also **DENIED**.

## **CONCLUSION**

For the reasons set forth above, Lea's motion to Intervene is **DENIED**.

**IT IS SO ORDERED,** the 3rd day of January, 2024.

                                              s/ Sheryl H. Lipman
                                              SHERYL H. LIPMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE