IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BLACK FARMERS & AGRICULTURALISTS ASSOCIATION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THOMAS J. VILSACK, in his official capacity as Secretary of the United States Department of Agriculture, et al., <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 2:23-cv-02527-SHL-cgc<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

Before the Court is Plaintiffs' Motion for Injunction Pending Appeal, filed August 14, 2024, over seven months after their request for a preliminary injunction had been denied. (ECF No. 78.) Defendants Thomas J. Vilsack and Zach Ducheneaux, in their official capacities, responded in opposition on August 28, 2024. (ECF No. 80.)

Plaintiffs argue that the Supreme Court's decision in Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), changes the outcome of this Court's decision and warrants a stay. (ECF No. 78 at PageID 751, 754.) They assert that, in its decision, the Court applied the standard that Loper Bright rejected. (Id. at PageID 754.)[1] Plaintiffs argue that they have met the requirements for an injunction pending appeal. (Id. at PageID 755.) Defendants counter that

---

[1] Plaintiffs also inappropriately requested injunctive relief from the Sixth Circuit. (ECF No. 81-1.) As the Circuit noted, absent extraordinary circumstances, seeking relief from the district court first is the appropriate avenue for plaintiffs under Federal Rule of Civil Procedure 8. (Id. at PageID 781.) Plaintiffs offered no justification for their lack of compliance with Rule 8. (Id.) The Circuit denied the motion for injunction pending appeal without prejudice. (Id. at PageID 782.)

Loper Bright is inapplicable here and that Plaintiffs fail to meet the requirements for seeking injunction pending appeal. (ECF No. 80 at PageID 773–76.)

To be clear, the Supreme Court's ruling in Loper Bright does not impact this case. Loper Bright overruled Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), which had permitted courts to defer to agency interpretations of statutes when faced with statutory ambiguity. Loper Bright, 144 S. Ct. at 2273. But, in its opinion here, the Court did not use Chevron deference to defer to the USDA's interpretations of Section 22007 of the Inflation Reduction Act when denying Plaintiffs' Second Motion for a Preliminary Injunction and granting Defendants' Motion to Dismiss. (See generally ECF No. 74.) Instead, the Court relied on "[t]he plain language of Section 22007" itself. (Id. at PageID 741.) This form of statutory interpretation is outside of the scope of Loper Bright's ruling, and thus Plaintiffs' request for relief is meritless.[2]

Because Loper Bright had no impact on the previous ruling, Plaintiffs' Motion is **DENIED**.

**IT IS SO ORDERED**, this 24th day of October, 2024.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Further, even if the Court had relied on Chevron deference, the Supreme Court did not intend for its decision in Loper Bright to be retroactive. 144 S. Ct. at 2273 (citing CBOCS West, Inc. v. Humphries, 553 U.S. 442, 457 (2008)) ("[W]e do not call into question prior cases that relied on the Chevron framework. The holdings of those cases that specific agency actions are lawful . . . are still subject to statutory stare decisis despite our change in interpretive methodology."). This lack of retroactivity also renders Plaintiffs' request for relief without merit.